NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:09-CV-00095-HRW

BASIM ALI TALOUZI                                                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

E.K. CAULEY, Warden                                                                  RESPONDENT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Basim Ali Talouzi, a prisoner currently confined in the Federal Correctional Institution in Ashland, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, and has now paid the District Court filing fee of $5.00.

The Petition is currently before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).[1] For the reasons set forth below, the Petition will be denied and this cause of action dismissed.

## CLAIMS

Petitioner Talouzi claims that he is being denied credit for his good conduct, despite being eligible under 18 U.S.C. 3584(c) and *Johnson v. United States*, 529 U.S. 694 (2000). He has asked the Court to direct the Federal Bureau of Prisons to follow this law and award him the credit.

---

[1] As this litigant is appearing *pro se*, his pleadings are held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001); *see also* 28 U.S.C. § 1915A(b). But the Court may dismiss a Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

Petitioner also asks the Court to expedite its consideration of this case, on the ground that he is scheduled to be released from his sentence on February 26, 2010, unless he is given good conduct credit so as to move the release date nearer. Petitioner states that under the statute the Director of the Bureau of Prisons ("BOP") is authorized to use his discretion to award up to 54 days credit for good conduct per year, but Talouzi has, wrongly, not been considered for this award.

As to the underlying facts, Petitioner alleges that on July 17, 2007, he completed a 120-month term of imprisonment handed down by the United States District Court for the Southern District of West Virginia and began a five-year period of supervised release. *United States v. Talouzi*, S.D. W.Va. No. 5:98-CR-0173-01. On March 31, 2009, the trial court found that Talouzi had violated terms of his supervised release, revoked the supervised release, and sentenced him to a 12-month term of imprisonment, to be followed by a 3-year period of supervised release.

After beginning service of that 12-month sentence with the BOP, Talouzi initiated an administrative request for up to 54 days of the good conduct credit provided in 18 U.S.C. § 3624. He was denied, and he alleges that he appealed that decision to exhaustion. The attached documents which were exchanged in the administrative proceeding, Administrative Remedy No. 540629, reveal that the BOP's position was that the Section 3624 credit is not available to him, as he is serving only a one-year sentence, and Section 3624(b) limits good conduct awards to only "a prisoner who is serving a term of imprisonment of *more* than 1 year . . . ." § 3624(b)(1).

The Petitioner countered, then and now in this action, that his current one-year term of imprisonment should be added to the original sentence to form an aggregate sentence, which is well beyond a year and thereby makes his eligible for the good conduct credit. He purportedly relies upon 18 U.S.C. 3584(c), directing that an aggregate be used in calculating multiple terms of imprisonment,

2

and *Johnson v. United States*, 529 U.S. 694 (2000), in which the Supreme Court purportedly calls for attributing "post-conviction penalties to the original conviction." Record No. 2 at 4 (quoting *Johnson*, 529 U.S. at 701).

## DISCUSSION

The Court begins with the statues upon which the Petitioner and the BOP rely. It is true that **18 U.S.C. § 3624. Release of a prisoner,** provides for the BOP to award credit for good conduct as follows: . . .

> **(b) Credit toward service of sentence for satisfactory behavior. - -**
> . . .[A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to a determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . .

18 U.S.C. § 3624(b)(1). Thus, the plain language of the statute limits the award of good conduct time to those who have more than one year to serve and who have exemplary conduct with regard to prison disciplinary regulations. With a sentence of less than a year, the instant Petitioner was and is simply ineligible for consideration for the credit. There is no error in the BOP's refusal to award Talouzi the credit.

With regard to the other statute, **18 U.S.C. § 3584. Multiple sentences of imprisonment**, it is true that since October 12, 1984, this statute, as its name implies, has provided certain rules for treating consecutive and concurrent sentences. The statute essentially directs the sentencing Court and the BOP on whether to run the sentences consecutively and concurrently and it includes **(b)**

3

**Factors to be considered in imposing concurrent or consecutive terms- -**. Finally, in the last subsection, the statute provides:

> **(c) Treatment of multiple sentences as an aggregate.- -** multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3584(c). Thus, it is also true that, regardless of the consecutive or concurrent nature of two or more sentences to be served, by statute, the terms of imprisonment "shall be treated for administrative purposed as a single, aggregate term."

However, where the two sides have differed to date is on whether Talouzi has multiple sentences of imprisonment to serve. Petitioner claims that his 12-month sentence for violating supervised release must be aggregated with the original sentence, thereby arriving at a sentence much longer than the violator term of less than a year and making him eligible for the Seciton 3624(b) credit. The BOP has countered that Talouzi does not have multiple sentences to serve. Petitioner was discharged from his original sentence in 2007, and now his 12-month violator term "is the only sentence you are serving."

The Court finds no fault in the law or the logic of the BOP. Statute 18 U.S.C. § 3584, *Multiple sentences of imprisonment*, is not called into play because the Petitioner does not have multiple sentences of imprisonment. A sole term of imprisonment cannot be aggregated with itself or with another term which the same prisoner finished years ago. Unfortunately for the Petitioner, there is simply no support for his position. Talouzi's arguments to the contrary, *Johnson v. United States*, 529 U.S. 694 (2000) is inapposite.

*Johnson* dealt with a question arising from a change in the law, specifically in 18 U.S.C. § 3583, not at issue herein, after the Sentencing Reform Act of 1984. That legislation replaced parole

supervised by the U.S. Parole Commission with supervised release supervised by the sentencing court. The question in *Johnson* was whether another term of supervised release could be imposed after revocation of an initial supervised release term, and the Supreme Court decided that it can.

In short, this Court finds that the instant Petitioner has failed to state a claim upon which this Court may grant relief.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Basim Ali Talouzi's Petition for a Writ of Habeas Corpus [Record No. 2] is **DENIED.**

(2) Talouzi's Motion for an Expedited ruling [Record No. 3] has been **GRANTED**.

(3) This action is **DISMISSED,** *sua sponte,* from the Court's active docket.

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This the _11_ day of January, 2010.

_____
HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE